UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MOORE,

      Plaintiff,

v.

FIFTH THIRD BANK, an Ohio banking
corporation, successor by merger with
FIFTH THIRD BANK, a Michigan banking
corporation,

      Defendant.
_____/

File No. 1:10-cv-641

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter is before the Court on Defendant's motion to dismiss (Dkt. No. 9) and on Plaintiff's motion for leave to file an amended complaint (Dkt. No. 14). For the reasons that follow, Defendant's motion to dismiss will be granted, and Plaintiff's motion for leave to file an amended complaint will be denied.

## I.

In 2004, Defendant Fifth Third Bank ("Fifth Third") engaged in loan negotiations with Plaintiff's business, Vertex Development, L.L.C. ("Vertex"). The Fifth Third representative working with Vertex was Mr. Case E. McCalla, a former loan office vice president. On June 1, 2004, Plaintiff alleges that Fifth Third committed to providing two loans to Vertex: a $1,360,000 mortgage loan and a $600,000 term loan. (Dkt. No. 12 at

5.) On August 9 and 11, 2004, Vertex obtained $1,360,000 from Fifth Third. (*Id.*) The allegedly promised $600,000 loan was never fulfilled. Plaintiff admits in his complaint that "there was no final written promise" to make the $600,000 loan. (Dkt. No. 1 ¶ 17.)

Shortly after execution of the $1,360,000 loan, Fifth Third learned that Mr. McCalla had prepared false documents in order to obtain financing for a number of entities, including Vertex. (Dkt. No. 12 at 4.) Mr. McCalla prepared false documents and overstated the value of Plaintiff's collateral by as much as three times. (*Id.* at 3.) Mr. McCalla allegedly was motivated in part by desire to increase his business and commission revenue. (*Id.*) Mr. McCalla's inflated account of Plaintiff's assets secured the $1,360,000 loan actually made to Plaintiff by Fifth Third.

Beginning in 2005, Fifth Third held Vertex in default of its loan. Plaintiff alleges that Fifth Third's attempts to collect on "obligations set forth in forged documents" made it impossible for Plaintiff to obtain alternative financing. (*Id.* at 5.) Plaintiff also claims that Fifth Third's failure to execute the orally promised additional $600,000 loan hurt Plaintiff's business interests. Together, Fifth Third's attempts to collect on their $1,360,000 loan and failure to provide an allegedly promised additional $600,000 loan "closed down the operations of Plaintiff and put Plaintiff out of business." (*Id.* at 3.)

Plaintiff filed this suit on July 7, 2010, seeking relief on grounds of promissory estoppel (Count I), breach of express contract (Count II), unlawful interference with business oppounities of Plaintiff (Count III), quantum meruit - unjust enrichment (Count

IV), fraudulent misrepresentation (Count V), and negligent misrepresentation (Count VI). Plaintiff has also filed a motion for leave to file a first amended complaint, alleging the same claims.

## II.

In its reply brief, Fifth Third raises the issue of Plaintiff David Moore's standing to bring this suit, which alleges harms to Verek but does not list Vertex as a party. (Dkt. No. 15 at 5.) Fifth Third argues that only Vertex has standing to bring suit, and that Vertex waived its right to sue Fifth Third on June 25, 2006 in a "Full Comprehensive Release/Settlement Agreement." (*Id.*) The Court provided Plaintiff an opportunity to respond to this new ground for dismissal in its November 5, 2010, order. (Dkt. No. 17.) Accordingly, Plaintiff filed a supplemental brief on November 15, 2010. (Dkt. No. 18.)

In Michigan, "the law treats a corporation as entirely separate from its shareholders, even where one person owns all the corporate stock." *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 276 (Mich. App. 2003), (citing *Indus. Steel Stamping, Inc. v. Erie State Bank*, 423 N.W.2d 317 (Mich. App. 1988)). "The doctrine of standing provides that a suit to enforce corporate rights or to redress or prevent injury to a corporation, whether arising from contract or tort, ordinarily must be brought in the name of the corporation, and not that of a stockholder, officer or employee." *Id.* (citing *Michigan Nat'l Bank v. Mudgett*, 444 N.W.2d 534 (Mich. App. 1989)). "[A]n exception exists when the individual can show a violation of a duty owed directly to the individual

that is independent of the corporation . . . [but] [t]he exception does not arise merely because the alleged violation resulted in injury to both the corporation and the individual; rather, it is limited to cases in which there is a breach of duty that is owed to the individual personally." *Id.* at 276-77.

Plaintiff does not refute or deny Fifth Third's claim that Vertex waived its right to sue. Instead, Plaintiff argues that Fifth Third owed Plaintiff an individual duty separate from any owed to Vertex, and that under the exception articulated in *Belle Isle*, Plaintiff has standing as an individual to pursue his claim. (Dkt. No. 18 at 3.) The basis for this alleged duty is Plaintiff's agreement to personally guarantee the obligations of Vertex to Fifth Third, and Plaintiff's related agreement to secure his personal guarantee with a $650,000 life insurance policy on himself and another principal shareholder of Vertex, Steven LeVeck.

Plaintiff assumes as a matter of course that his status as a guarantor of Fifth Third's loans to Vertex gives him standing to sue under the *Belle Isle* exception. Plaintiff cites no legal authority in support of his position, and the Court is not aware of any Michigan case taking this view. Rather, the Michigan Court of Appeals has stated that the rules of law governing the rights of shareholders to sue should also apply to creditors and guarantors. *Levin v. Thorn Apple Valley, Inc.*, No. 200106, 1998 WL 1988715, at *3 (Mich. App. Dec. 1, 1998). "Accordingly, individual actions may be prosecuted if a creditor or guarantor can show (1) that the wrongdoer owed a special duty personal to

4

him in his capacity as a creditor or guarantor, or (2) that the injury suffered is personal to him as a creditor or guarantor and distinct from the injury suffered by the corporation itself." *Id*. Thus, while Plaintiff is correct that an exception similar to the one presented with respect to shareholders in *Belle Isle* applies to guarantors, he is incorrect in his apparent assumption that his mere status as a guarantor secures his standing.

Plaintiff has not alleged any injury distinct from injuries suffered by Vertex. The tort and breach of contract claims listed in Plaintiff's original complaint concern loss of business revenue and the ultimate collapse of Vertex. These injuries clearly pertain to Vertex, not to Plaintiff as an individual. Plaintiff also notes that he acted as a guarantor of Vertex's debt to Fifth Third. However, Plaintiff does not show that any losses he suffered as a guarantor are separate and distinct from harm to Vertex. Attempts by Fifth Third to collect from Plaintiff debt owed by Vertex can not serve as a harm separate and independent from harm to the company.[1]

Plaintiff also fails to allege any special duty on the part of Fifth Third toward Plaintiff as an individual. All alleged duties and harms pertain to Vertex. The fact that

---

[1] Although not found in his complaint, Plaintiff alleges in a supplemental brief the additional loss of a $650,000 life insurance payout on the now deceased Steven LeVeck. (Dkt. No. 18 at 2.) Yet the stated reason Plaintiff did not receive an insurance payout for Mr. LeVeck was Plaintiff's failure to pay insurance premiums, which in turn was a result of lost revenue from Vertex. (*Id.* ("When Defendant closed down the business operations of Plaintiff and put Plaintiff out of business, Plaintiff Moore was unable to meet the life insurance premium obligations with respect to Steven LeVeck and the life insurance policy lapsed prior to the death of Steven LeVeck on February 8, 2010.").) An injury caused by lost corporate revenue is not distinct from harm to the corporation.

Plaintiff, as a principal shareholder and guarantor of Vertex, was also injured does not confer standing to seek redress of alleged harms to Vertex. Under Michigan law, such as suit must be brought in the name of the injured corporation.

### III.

Although Plaintiff's lack of standing requires no further discussion of his original complaint, the Court notes that Plaintiff's original complaint would also be subject to dismissal under Rule 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In reviewing the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff," but "need not accept as true legal conclusions or unwarranted factual inferences." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)).

All of the claims in Plaintiff's original complaint are subject to dismissal pursuant to Michigan's statute of frauds. The Michigan legislature amended the statute of frauds effective January 1, 1993, to include a provision that applies specifically to financial institutions:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> > (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> >
> > (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> >
> > (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2).

As the Michigan Court of Appeals has determined, the language of § 566.132(2), which expressly bars an action against a financial institution to enforce a promise to lend money "unless the promise or commitment is in writing and signed with an authorized signature by the financial institution" is "unambiguous." *Crown Technology Park v. D&N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000). The statute operates as "an unqualified and broad ban," using "generic and encompassing terms" to describe the types of promises or commitments that the statute of frauds protects "absolutely." *Id.* The statute "plainly states that a party is precluded from bringing a claim – no matter its label – against a financial institution to enforce the terms of an oral promise to waive a loan provision." *Id.*

Each count of Plaintiff's original complaint is predicated on Fifth Third's alleged unfulfilled oral promise to provide Vertex with a $600,000 loan. (Dkt. No. 1, Count I at ¶

17 ("Defendant acted through its agent, Case E. McCalla, in establishing a $600,000.00 loan commitment . . . . There was no final written promise. Defendant was well aware of Plaintiff's reliance on said commitment and was well aware of the direct damages to Plaintiff should said promise be breached."); *Id.* at Count II ¶ 20 ("Defendant's failure to make the $600,000.00 loan commitment available to Plaintiff . . . was a direct breach of Defendant's contract obligations under the loan commitment agreement."); *Id.* at Count III ¶ 25 ("Defendant was well aware that its unlawful actions in failing to follow through with Defendant's promises as set forth herein would damage Plaintiff's net worth and diminish Plaintiff's business expansion and operational plans."); *Id.* at Count IV ¶ 28 ("Defendant has had the use of said $600,000.00 which Defendant failed to loan to Plaintiff . . . ."); *Id.* at Count V and VI ¶¶ 31, 34 ("Defendant's representations were fraudulent in inducing Plaintiff's herein referenced reliances and Plaintiff's actions with regard to the $600,000.00 commitment . . . .").)

Plaintiff cannot bring claims or seek damages based on an alleged oral promise by Fifth Thrid, a financial institution, to loan Vertex money. Mich. Comp. Laws § 566.132(2). Because all of the claims in Plaintiff's original complaint stem from Fifth Third's refusal to follow through on an alleged $600,000 loan commitment, the original complaint is subject to dismissal on substantive grounds in addition to Plaintiff's lack of standing. Thus, Defendant Fifth Third's motion to dismiss Plaintiff's original complaint will be granted.

**IV.**

Also before the Court is Plaintiff's motion for leave to file an amended complaint. (Dkt. No. 14.) Plaintiff has filed a proposed amended complaint for the Court's consideration. (Dkt. No. 13, Ex. G.) Under Federal Rule of Civil Procedure 15(a), a district court should freely grant a plaintiff leave to amend a complaint when justice so requires. Fed. R. Civ. Pro. 15(a). "A district court may deny a plaintiff leave to amend his or her complaint, however, when the proposed amendment would be futile." *Kottmyer v. Maas,* 436 F.3d 684, 692 (6th Cir. 2006). The Sixth Circuit has addressed the issue of "futility" in the context of motions to amend, holding that "where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment." *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Division,* 987 F.2d 376, 383 (6th Cir. 1993), *citing Neighborhood Dev't Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980).

Fifth Third argues that Plaintiff's motion for leave to file an amended complaint should be denied as futile. The Court agrees. Although Plaintiff reworded the complaint to downplay reference to the orally promised $600,000 loan, Plaintiff continues to base his claims on damages to Vertex flowing from Fifth Third's failure to follow through on an alleged oral promise.[2] The same arguments raised against Plaintiff's original

---

[2] For example, Count I now refers to the orally promised $600,000 loan as the "referenced loan commitment to be insured by SBA," (Dkt. No. 13, Ex. G. ¶ 19.), and seeks damages on grounds that "Fifth Third put Plaintiff out of business when said promise was
(continued...)

9

complaint are applicable to Plaintiff's proposed amended complaint: Plaintiff has no standing to sue, and Plaintiff's claims are barred by Michigan's statute of frauds.

Plaintiff has not identified any additional harm in his amended complaint. Although several counts of Plaintiff's amended complaint contain additional vague references to fraud, the Court can only assume that they refer either to Fifth Third's oral promise to loan $600,000 (Dkt. No. 13, Ex. G ¶ 36 ("Defendant used fraudulent misrepresentations in inducing Plaintiff's herein referenced reliance.")) or to Mr. McCalla's fraud upon Fifth Third in overstating Plaintiff's assets to secure a loan for Vertex (*id.* at ¶ 9 ("Defendant, through its agent, Case E. McCalla, pursuant to the herein referenced fraudulent written financial applications forged by McCalla, promised Plaintiff that Defendant had obtained SBA financing for Plaintiff's loans totaling in excess of $2 million.")). The former allegation is futile under Mich. Comp. Laws § 566.132(2). The later is futile because it alleges fraud upon Fifth Third, not Plaintiff. In any event, the allegations fail to plead fraud with particularity, and Plaintiff has no standing to bring suit.

---

(...continued)
    breached . . . ." (*Id.* at ¶ 20.)  In Count III, Plaintiff states, "Defendant was well aware that its unlawful actions in failing to follow through with Defendant's promises as set forth herein would damage Plaintiff's net worth and diminish Plaintiff's business expansion and operational plans." (*Id.* at ¶ 30.)

Accordingly, Defendant's motion for to dismiss will be granted, Plaintiff's motion to file a first amended complaint will be denied, and the case will be dismissed in its entirety. An order consistent with this opinion will be entered.


Dated: <u>March 30, 2011</u>  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE